**In re Private Criminal Complaint of Warren A. CLEIN Against James R. Graf**

**Appeal of: Warren A. Clein**

Superior Court of Pennsylvania.

Argued June 8, 2004.

Filed Aug. 16, 2004.

Gerard K. Schrom, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for appellee.

Before: KLEIN, OLSZEWSKI, and KELLY, JJ.

OLSZEWSKI, J.:

¶ 1 We sympathize with the appellant in this case; he has been led astray by, what we believe to be, two faulty interpretations of regulatory statute 3 P.S. § 459–502–A. Yet because appellant has sued the wrong entity, we are forced to affirm the judgment of the common pleas court. The facts are as follows.

¶ 2 Appellant Warren Clein alleges that on October 12, 2002, both he and his dog were mauled by an unleashed Rottweiler. This Rottweiler, it is further alleged, belonged to Mr. Clein's neighbors, James and Linda Graf. In an attempt to have the Grafs' dog controlled, appellant tried to file a private criminal complaint in the district justice's office pursuant to the Commonwealth's "Dangerous Dog Law." The district justice, however, would not accept the complaint and told appellant that to bring this action appellant would first have to obtain the permission of the District Attorney of Delaware County. Appellant then went to the district attorney and asked permission to file a private complaint. The district attorney, however, refused to grant permission and referred the matter to the local dog warden. Apparently, the dog warden took no action.

¶ 3 Appellant filed an appeal to the court of common pleas, naming the District Attorney of Delaware County as respondent, and arguing that the district attorney had no right to refuse him permission to file a complaint under the dog law. The common pleas court found the claim meritless. It declared that since the matter had already been referred to the dog warden, the district attorney properly refused to grant permission to file a complaint.

¶ 4 Appealing the decision of the common pleas court, appellant has now come before us.

### Analysis

¶ 5 First we must state that, in our opinion, the district justice erroneously refused to accept appellant's private criminal complaint. 3 P.S. § 459–502–A reads:

Any person who has been attacked by one or more dogs, or anyone on behalf of such person, a person whose domestic animal has been killed or injured without provocation, the State dog warden or the local police officer may file a complaint before a district justice, charging the owner or keeper of such a dog with harboring a dangerous dog. The owner or keeper of the dog shall be guilty of the summary offense of harboring a dangerous dog if the district justice finds beyond a reasonable doubt that the following elements of the offense have been proven...

¶ 6 Thus, according to the plain language of this law, five classes of people may file "a complaint before a district justice, charging the owner or keeper of such a dog with harboring a dangerous dog." These classes are: (1) any person who has been attacked by the dog; (2) anyone on behalf of a person attacked by the dog; (3) any person whose animal has been killed or injured by the dog; (4) the State dog warden; or (5) a local police officer.

¶ 7 As any of these five classes may file a complaint and, as appellant alleges that he falls within not just one but two of these classes, he had the right to file a complaint before the district justice. He also need not ask the district attorney's permission to file this complaint: that is simply not required by 3 P.S. § 459–502–A.

¶ 8 Further, in our opinion the common pleas court erred by declaring appellant's private criminal complaint barred because the dog warden was still investigating: the statute declares that *any* of the five classes of people may bring a complaint before the district justice. If the dog warden is still investigating, that does not affect appellant's statutory right to "file a complaint before the district justice." 3 P.S. § 459–502–A (*first sentence*). Rather, the investigation is only an attempt to *prove the elements* of the summary offense of "harboring a dangerous dog." 3 P.S. § 459–502–A (*second sentence*). Not only is this interpretation in accordance with the statute's wording, but it fits into the entire purpose behind this regulatory statute: protecting the health and safety of the community. Looking at what appellant alleges to have occurred here, both he and his dog are precisely the ones that this statute was written to serve.

¶ 9 In the common pleas court, however, appellant brought suit against the *Delaware County District Attorney* asking that the court *require* the district attorney to accept and file his private criminal complaint. This was wrong; it was not the district attorney who erred in refusing to file the private criminal complaint. Rather, the *district justice* erred in refusing to accept it.

¶ 10 Thus, the only issue in this appeal is whether we should reverse the common pleas court and force the district attorney to file appellant's private criminal complaint. We will not do this; the plain words of the statute allow appellant himself to file a private criminal complaint against the Grafs. If the district justice refuses to accept this complaint, the proper course of action is for appellant to file a *mandamus* action against the district justice and force the district justice to accept the complaint.

¶ 11 In conclusion, even though we disagree with the common pleas court's reasoning, it was still correct to deny appellant's private criminal complaint: appellant brought suit against the wrong entity. Since we may affirm the common pleas court if there is any valid reason for doing so, we hold that denial was proper and affirm. *Commonwealth v. Walton,* 483 Pa. 588, 397 A.2d 1179, 1183 (1979).

¶ 12 Order AFFIRMED.